NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

JUL 2 2019

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| JIAHAO KUANG; DERON COOKE, on behalf of themselves and those similarly situated,<br><br>　　　　Plaintiffs-Appellees,<br><br>　v.<br><br>UNITED STATES DEPARTMENT OF DEFENSE; JAMES MATTIS, in his official capacity as Secretary of Defense of the United States Department of Defense,<br><br>　　　　Defendants-Appellants. | No.　18-17381<br><br>D.C. No. 3:18-cv-03698-JST<br><br>MEMORANDUM* |

Appeal from the United States District Court
for the Northern District of California
Jon S. Tigar, District Judge, Presiding

Argued and Submitted June 14, 2019
San Francisco, California

Before: GOULD and IKUTA, Circuit Judges, and PEARSON,** District Judge.

---

　　　* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

　　　** The Honorable Benita Y. Pearson, United States District Judge for the Northern District of Ohio, sitting by designation.

Plaintiffs are foreign nationals and lawful permanent residents ("LPRs") of the United States. Both have enlisted in the United States armed forces, but at the time of filing, neither had yet shipped out, or "accessed," to active duty.

Military recruits are subject to background screening on enlistment. *See* 32 C.F.R. § 66.1. The background screening is designed to identify and explore possible risks to national security and confirm that each recruit is eligible to hold a military position. Citizens and LPRs are subject to the same background screening rigors.

Until recently, both citizens and LPRs generally were eligible to begin active-duty service before their background screenings were completed as long as they had satisfied certain other screening requirements. On October 13, 2017, the Under Secretary of Defense for Personnel and Readiness issued a memorandum to military branches (the "October 13 Memo") instructing that LPR recruits should not be accessed prior to completion of a satisfactory background screening and favorable recommendation. The October 13 Memo did not affect the accession timeline for citizens.

Plaintiffs argue that the Department of Defense's ("DOD") change in practice was arbitrary and capricious and must therefore be set aside pursuant to the Administrative Procedure Act ("APA"), 5 U.S.C. § 706(2)(A). On Plaintiffs' motion, the district court issued a preliminary injunction preventing DOD from

implementing the October 13 Memo, thereby requiring that citizens and LPRs be accessed according to the same timetable. DOD appeals from the injunction order.

Internal military regulations ordinarily are not amenable to judicial review without some preliminary scrutiny. *Mindes v. Seaman*, 453 F.2d 197 (5th Cir. 1971) (articulating a four-factor test for reviewability).[1] To assess whether a claim against the military is reviewable (assuming certain threshold requirements are met, as they are in this case), we inquire into (1) the nature and strength of the plaintiffs' claim, (2) the potential injury to the plaintiffs if review is refused, (3) the extent to which review would interfere with military functions, and (4) the extent to which military discretion or expertise is involved. *Khalsa v. Weinberger*, 779 F.2d 1393, 1398 (9th Cir. 1985); *Wallace v. Chappell*, 661 F.2d 729, 732–33 (9th Cir. 1981).

"[C]onstitutional claims give more weight to an argument for reviewability [than statutory claims]." *Khalsa*, 779 F.2d at 1401 (emphasis omitted); *see Gonzalez v. Dep't of Army*, 718 F.2d 926, 930 (9th Cir. 1983) ("Constitutional claims ordinarily carry greater weight than those resting on a statutory or regulatory base . . . .") (alteration omitted) (quoting *Wallace*, 661 F.2d at 733).

---

[1] We adopted the *Mindes* test as to constitutional claims in *Wallace v. Chappell*, 661 F.2d 729, 733 (9th Cir. 1981), and as to statutory claims in *Khalsa v. Weinberger*, 779 F.2d 1393, 1401 (9th Cir. 1985) ("[T]he *Mindes* test also applies to statutory claims against the military.").

Although Plaintiffs raise constitutional claims in their complaint, they relied on their APA claim[2] to support the motion for preliminary injunction. Plaintiffs point to no prior case in which an APA-based challenge to an internal military policy survived *Mindes* scrutiny.

The district court concluded that Plaintiffs' arbitrary-and-capricious claim was strong on the merits because DOD had "simply withheld all of the relevant facts." The administrative record, however, reveals at least two factual underpinnings for DOD's decision to adjust the accession timeline for LPR recruits.[3] First, preexisting guidelines published by the Office of the Director of National Intelligence ("DNI") instruct national-security adjudicators to consider recruits' "allegiance to the United States," "foreign influence," and "foreign preference" when conducting background screenings, all of which have self-evident implications for LPRs. Second, a 2017 DOD study identified several difficulties in screening LPR recruits that did not occur when screening citizens. DOD reasonably concluded that delaying the accession of LPR recruits would mitigate the risks identified by the DNI Guidelines and the 2017 DOD study.

---

[2] In addition to their claim that the October 13 Memo was arbitrary and capricious, Plaintiffs also argued that the policy change was "not in accordance with law," *see* 5 U.S.C. § 706(2)(A). The district court dismissed the latter claim.

[3] The record also included internal DOD memos regarding the potential security risk of other noncitizen recruits.

As for the second *Mindes* factor, we identify no grave injury that will result if the district court refuses to review Plaintiffs' arbitrary-and-capricious claim. Plaintiffs were not entitled to quick or immediate accession on enlistment, and they were expressly advised, both by their contracts and by the delayed-entry statute itself, that accession might not take place for up to two years after enlistment. The record also does not support Plaintiffs' contention that they suffer stigma from delayed accession. *Cf. Wenger v. Monroe*, 282 F.3d 1068, 1075 (9th Cir. 2002).

Assessing the third and fourth *Mindes* factors, we observe that military decisions about national security and personnel are inherently sensitive and generally reserved to military discretion, subject to the control of the political branches. *See Dep't of Navy v. Egan*, 484 U.S. 518, 527 (1988); *Gilligan v. Morgan*, 413 U.S. 1, 10 (1973); *Gonzalez*, 718 F.2d at 930. Of course, we are not compelled to be credulous. Assertions by the military that are "palpably untrue or highly questionable" merit little deference. *Khalsa*, 779 F.2d at 1400 n.4. But DOD's claim to expertise in this case is not seriously in doubt, and its assertions about national-security risks are not far-fetched.

We conclude that judicial review is foreclosed. We therefore **VACATE** the preliminary injunction and **REMAND** the case with instructions to dismiss the 5 U.S.C. § 706(2)(A) claim pursuant to the *Mindes* doctrine.